UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM CORBINE, a/k/a<br>WILLIAM TATE CORBINE,<br><br>Defendant. | 5:16-CR-50114-02<br><br><br>**ORDER DENYING MOTION<br>TO REDUCE SENTENCE** |

Defendant, William Corbine, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 106. Plaintiff, the United States of America, objects. Docket 109. For the following reasons, Corbine's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to

whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On October 26, 2017, the court sentenced Corbine to 60 months in prison on Count 1, aiding and abetting assault on a federal officer in violation of 18 U.S.C. §§ 111(b) and 2, to run consecutively to the sentence of 120 months imposed on Count 2, aiding and abetting discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. Docket 103. Corbine obtained two "status points" for committing the

instant offenses while under a criminal justice sentence. Docket 97 at ¶ 36. Corbine's Guideline range, based on a total offense level of 18 and a Criminal History Category of V, was 51 to 63 months in custody. *Id.* at ¶ 57.

On November 21, 2024, Corbine filed a motion requesting a reduction of his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 106 at 1. Corbine believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 2. He requests a sentence term of 48 months' custody on Count 1.[1] *Id.* at 5.

## I.      U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

---

[1] Corbine does not argue that he is eligible to receive a sentence reduction for Count 2.

Both parties agree that Corbine is eligible for a sentence reduction. Docket 109 at 3, Docket 110 at 1-2. The Court also agrees that Corbine meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Corbine receives one "status point," which gives him a total of nine criminal history points, resulting in him being in Criminal History Category IV, with an advisory guideline range of 41 to 51 months in custody.

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10, cmt. n.1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

When considering the § 3553(a) factors, the Court considers the safety of the public and Corbine's personal history and characteristics. Corbine's instant offense of assault on a federal officer involved him directing his sister to fire a gun at the officer multiple times during a high-speed vehicle chase in a stolen vehicle in a residential area. Docket 97 at ¶¶ 5, 7. His conduct posed a significant danger to the officer, the individuals in the vehicle, and the

public. This was not Corbine's first encounter with law enforcement as he had encounters with law enforcement as a juvenile and pled guilty to burglary and possession of controlled substances charges as an adult. *Id.* ¶¶ at 27-33. He also faced aggravated eluding and obstruction charges for another high-speed pursuit with law enforcement, although those charges were dismissed after his sentencing in this case. *Id.* at ¶ 38.

The Court also considers the defendant's post-sentencing conduct. While Corbine has taken some positive actions while in custody, including obtaining his GED and completing coursework that will improve his job-seeking skills, he has also exhibited and been sanctioned for non-compliant behaviors that are very concerning, including heroin possession as recently as September 2024, a positive test result for buprenorphine in January 2024, assault without serious injury, phone abuse, refusing to obey an order, and refusing to attend his mandatory GED class. Docket 111. Corbine's conduct in prison shows a continuing pattern of non-compliant behavior that, when combined with his history and the instant offenses in this case, does not justify a lesser sentence.

Considering all of Corbine's conduct, including the seriousness of the instant offenses and the issues he has had while in custody, along with the other 3553(a) factors such as punishment, deterrence, protecting the public, and avoiding unwarranted sentencing disparities, this Court believes Corbine's sentence of 60 months' imprisonment on Count 1 is appropriate. Thus, Corbine's motion for a sentence reduction is denied.

## CONCLUSION

It is ORDERED that Corbine's motion, Docket 106, is DENIED.

Dated January 8, 2025.

BY THE COURT:


/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE